IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-01087-PAB-SBP

TYZHIMA BUTLER, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

SPECIALIZED LOAN SERVICING LLC,

     Defendant.

---

## ORDER

---

This matter comes before the Court on Plaintiff's Motion to Enforce Order Granting in Part Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs [Docket No. 61] and Defendant's Motion for Clarification or Reconsideration of Court's Order Granting Plaintiff's Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs [Docket No. 62]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### I.  BACKGROUND

Plaintiff brings this action on behalf of herself and on behalf of the "FLSA Collective Class" comprised of "[a]ll current and former hourly call center agents who worked for Defendant at any time during the past three years" (collectively, "Agents"). Docket No. 1 at 17, ¶ 99. Plaintiff also purports to represent "[a]ll current and former hourly call center agents who worked for Defendant at any time in the State of Arizona

during the applicable statutory period" pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) (the "Rule 23 Arizona Class").  *Id.* at 20, ¶ 115.  In addition, she purports to represent a "Rule 23 Nationwide Class" comprised of "[a]ll current and former hourly call center agents who worked for Defendant at any time during the applicable statutory period." *Id*. at 22, ¶ 124.  Specialized Loan Servicing LLC ("SLS") is a "leading international third-party mortgage service provider."  *Id.* at 5, ¶ 25.  SLS employs hundreds of Agents who work remotely in their homes to "field[] inbound calls and perform[] a wide range of support services to those callers" and to "provid[e] customer, sales, and mortgage information."  *Id*. at 6–7, ¶¶ 30, 35.

Plaintiff alleges that SLS failed to pay Agents for all hours worked, bringing claims under (1) the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §  201 et seq., (2) the Arizona Wage Act (the "AWA"), Ariz. Rev. Stat. §§ 23-350 et seq., on behalf of the Arizona Class; (3) state common law breach of contract regarding the Nationwide Class; and (4) common law unjust enrichment, pled in the alternative as to claim three, on behalf of the Nationwide Class.  *Id*. at 24–30, ¶¶ 133–179.

SLS moved to strike the class action allegations in plaintiff's complaint for the following reasons: (1) the Nationwide Class and Arizona Class are not ascertainable pursuant to Fed. R. Civ. P. 23(a); (2) common questions of law and fact do not predominate and the class action is not superior to other methods of adjudication pursuant to Rule 23(b)(3); (3) plaintiff does not have standing to bring claims on behalf of the Nationwide Class because she can only bring claims under Arizona law; and (4) plaintiff cannot maintain a Rule 23(b)(2) class because she seeks declaratory relief that SLS's actions were unlawful and plaintiff cannot seek monetary damages.  Docket

No. 49 at 6-14.  On September 10, 2025, the Court granted in part and denied in part

SLS's motion, finding that SLS failed to show that the Nationwide Class and Arizona

Class are not ascertainable, failed to show that common questions of law and fact do

not predominate, and failed to show that plaintiff lacked standing to bring claims on

behalf of the Nationwide Class.  *See* Docket No. 57 at 6-14.  The Court agreed that

plaintiff could not certify a class under Rule 23(b)(2).  *See id*. at 14-17.

Plaintiff also moved to conditionally certify a collective under the FLSA.  Docket

No. 33.  The Court found that plaintiff provided substantial allegations that putative class

members were the victims of a single decision, policy, or plan regardless of Agents'

official title.  *See* Docket No. 58 at 8-12.  The Court rejected SLS's argument that the

Court could not conditionally certify a nationwide collective on the basis that plaintiff and

opt-in plaintiff Alyssa Tweed lacked personal knowledge of Agents who worked outside

their own states.  *See id.* at 10.  The Court excluded from the collective Agents who did

not perform remote work for SLS.  *See id.* at 11.  Accordingly, the Court conditionally

certified the collective, defined as followed:

> All current and former hourly call center agents who worked remotely for
> Specialized Loan Servicing LLC or Newrez LLC at any time beginning
> September 10, 2022.

*Id.* at 16.  The Court ordered SLS to "provide to plaintiff's counsel the names, mailing

addresses, dates of employment, job title, job location, telephone numbers, and email

addresses of all putative members of the FLSA collective in an electronically readable

format."  *Id.* at 20.

## II.    ANALYSIS

In plaintiff's motion to enforce, plaintiff states that, following issuance of the Court's conditional certification order, plaintiff requested "information regarding the number of putative plaintiffs in the Court's defined Collective so they could procure notice administration bids."  Docket No. 61 at 4.  In response to plaintiff's request, SLS stated that it expected to provide information regarding approximately 320 employees. *Id.* at 4-5.  Plaintiff contends that SLS ascertained this group through the "unilateral imposition of additional criteria not included in the Court's definition of the Collective." *Id.* at 5.  Specifically, plaintiff contends that SLS "limited the group to individuals who it deemed 'permanent' remote workers, who used the same timekeeping systems and software programs as Plaintiff, and who met other self-selected conditions such as incentive pay eligibility."  *Id.*  Plaintiff requests that the Court "compel Defendant to timely produce the putative collective data as ordered by the Court" in the conditional certification order.  *Id.* at 7.

SLS asks that the Court clarify or reconsider the conditional clarification order to state that the collective should include only employees who were:

> (1) classified as non-exempt and paid on an hourly basis; (2) used the same timekeeping system as Plaintiff; (3) used the same computer programs as Plaintiff; (4) had the primary job duty of providing assistance to SLS's [sic] through inbound calls; and (5) were eligible to participate in an incentive plan premised on call metrics; (6) classified as "Home Based" and were permanently remote employees, like Plaintiff.

Docket No. 62 at 6.  SLS argues that these criteria are based on the complaint's allegations and that it was proper to rely on them in identifying putative members of the collective.  *See id.* at 3.

Title 29 U.S.C. § 216(b) of the FLSA provides in pertinent part:

4

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages . . . An action to recover the liability prescribed in [section 207] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees *for and in behalf of herself or themselves and other employees similarly situated*.

29 U.S.C. § 216(b) (emphasis added).  There is a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification.  *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  A court's initial certification comes at the notice stage, where courts determine whether plaintiffs are similarly situated for purposes of sending notice to putative class members.  *Id.* at 1102.  Plaintiff is required to provide "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *Id.*; *see also Stransky v. HealthONE of Denver, Inc.*, No. 11-cv-02888-WJM-MJW, 2012 WL 6548108, at *4 (D. Colo. Dec. 14, 2012).  This is a "lenient" standard, *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005), "which typically results in conditional certification of a representative class."  *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).  The second stage, which comes at the conclusion of discovery, applies a stricter standard of "similarly situated," including application of at least four factors to determine whether the case can proceed as a collective action.  *Thiessen*, 267 F.3d at 1102-03.

The Court conditionally certified the following collective:

All current and former hourly call center agents who worked remotely for Specialized Loan Servicing LLC or Newrez LLC at any time beginning September 10, 2022.

5

Docket No. 58 at 16.  In certifying the collective, the Court found, at this stage, that plaintiff provided substantial allegations these putative members were victims of a single decision, policy, or plan.  *Id.* at 8.  The Court based its finding, in part, on the allegations in the complaint.  *Id.* at 9.  Specifically, the Court accepted the complaint's allegations that putative collective members are similarly situated because they are (1) paid on an hourly basis; (2) classified as non-exempt employees; (3) use the same timekeeping system; (4) use the same computer programs; (5) subject to the same timekeeping and attendance polices that resulted in not being paid overtime compensation; and (6) have the primary job duty of providing assistance to SLS's customers, which included "fielding inbound calls and performing a wide range of support services to those callers with questions."  *Id*. (quoting Docket No. 1 at 1-2, 7 ¶¶ 3, 35).  In doing so, the Court did not limit the conditionally certified collective to include only those members that SLS deems to fit this criteria.  Rather, the Court found that the conditionally certified collective consists of "[a]ll current and former hourly call center agents who worked remotely for Specialized Loan Servicing LLC or Newrez LLC beginning September 10, 2022" and approved notice to this group.  *Id.*  at 16.

"The purpose of conditional certification is to determine the size and contour of the group of employees *who may become collective members* and whether these potential members are 'similarly situated.'"  *Nicks v. Koch Meat Co., Inc.*, 265 F. Supp. 3d 841, 848 (N.D. Ill. 2017) (emphasis added) (citing 7B Charles Wright & Authur Miller, *Fed. Prac. & Civ. Proc.* § 1807 (3d ed.)).  SLS may be correct that the members of the conditional collective are not similarly situated, do not share the characteristics identified by the complaint, and will ultimately not become members of the collective.  However,

6

that inquiry comes at the second stage of certification after notice has been sent and discovery has been completed.  At that point, the Court "will again make its certification decision based on the 'similarly situated' standard, but with the addition of much more information about the parties and their claims."  7B Charles Wright & Arthur Miller, *Fed. Prac. & Proc. Civ.* § 1807 (3d ed.).  As the Court stated in the conditional certification order, plaintiff has provided substantial allegations that are "sufficient to conditionally certify the collective for the purposes of notice, even if some individuals who receive notice are ultimately found to not be similarly situated."  Docket No. 58 at 17.  SLS may challenge whether the putative collective members are similarly situated at the second stage of certification.  *See Garcia Valdez v. Signature Landscape, LLC*, 2026 WL 1145608, at *1 (D. Kan. Apr. 28, 2026) ("Once discovery is complete and the benefit of a developed factual record exists, the defendant may move to decertify or, in other words, dissolve the collective on the ground that the plaintiffs are not, in fact, similarly situated.").  It is premature for SLS to do so now by making its own determination as to which putative members are similarly situated and consequently limiting the number of people who will receive notice.  Accordingly, the Court will grant plaintiff's motion to enforce the Court's conditional certification order and order SLS to, in compliance with the Court's order, "provide to plaintiff's counsel the names, mailing addresses, dates of employment, job title, job location, telephone number, and email addresses of all putative members of the FLSA collective in an electronically readable format."  *See* Docket No. 58 at 20.  The Court will deny SLS's motion for clarification and reconsideration of the conditional certification order, which is, in reality, a motion for

reconsideration, but which fails to address the criteria for reconsideration.  *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

Therefore, it is

**ORDERED** that Plaintiff's Motion to Enforce Order Granting in Part Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs [Docket No. 61] is **GRANTED**.  It is further

**ORDERED** that Defendant's Motion for Clarification or Reconsideration of Court's Order Granting Plaintiff's Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs [Docket No. 62] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for Status Conference [Docket No. 70] is **DENIED as moot**.  It is further

**ORDERED** that within 30 days of the date of this order, defendant shall provide to plaintiff's counsel the names, mailing addresses, dates of employment, job title, job location, telephone numbers, and email addresses of all putative members of the FLSA collective in an electronically readable format.  It is further

**ORDERED** that within 21 days of receiving this list from defendant, plaintiff shall send the Notice by First Class U.S. Mail, email, and text to each individual identified on the above-referenced list.  It is further

ORDERED that within 60 days from postmark date of the Notice, any individual to whom notice is sent shall "opt in" by returning the necessary documents to plaintiff's counsel.  A reminder email shall be sent 30 days thereafter to any individual who did not respond.

DATED July 22, 2026

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

9